## SOEDER v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12407.   Decided Feb 2, 1933

FARR, J.

Joseph G. Ehrlich, Cleveland, for plaintiff in error.

Gilbert Bettman, Attorney General, Columbus, Arthur Krause, Special Counsel, Cleveland, and Raymond D. Metzner, Cleveland, for defendant in error.

FARR, J (7th Dist) sitting in place of McGILL, J (8th Dist).

It is therefore readily apparent that the vital question here is whether or not under the circumstances the Soeder Brothers had complied with or violated §1047 GC, in which, among other things, it is provided that:

"Any such steam boiler or engine shall not be operated unless it is directly in charge of a duly licensed engineer."

It is claimed by the State that no such engineer was in charge.  It is disclosed by the testimony of Allen as follows:

"Q.  Was Mr. Feisler firing the boiler at that time?
A.  No he wasn't.  And Mr. Soeder told me he hadn't been there in a couple of weeks.
Q.  And this was on the 17th day of June?
A.  On the 17th, 7:45 P. M.
Q.  Did you see Mr. Feisler around the grounds at any time that day?
A.  No.
Q.  Did you see any other duly licensed engineer on the premises at any time?
A.  I did not."

It is conceded that the steam boiler at the plant was more than 30 horse power, and although Allen testified as above, yet Soeder being present in the court room at

the time of trial did not take the witness stand to deny it.

The principal difference arises over the construction of the words "directly in charge of a duly licensed engineer."

In the instant case Feisler was absent for at least 45 minutes, and it is claimed that Soeder said to Allen that Feisler "had not been there in a couple of weeks" and it is claimed that the neglect to furnish or employ a duly licensed engineer is not sufficiently disclosed by the record. However, it is claimed that a fair inference is that arrests having been previously made upon like charges and Feisler not being in charge upon the occasion of the visit of the Deputy Examiner, that the above statute §1047 GC, was violated. §1047 GC reads in full as follows:

"No person shall operate a stationary steam boiler or engine of more than thirty horse power without obtaining a license to do so as provided in this chapter. A horse power as used in this section shall mean twelve square feet of boiler heating surface. No owner or user or agent of an owner or user of any such steam boiler or engine shall permit it to be operated unless it is directly in charge of a duly licensed engineer."

And being penal, must be strictly construed. 25 R.C.L. 1079, par. 301.

It is pointed out, however, that mere temporary absence upon such an occasion would not be a violation of this statute. However, the statute reads "directly in charge," and a period of 45 minutes is certainly greater than any period of permissible absence contemplated by the statute.

"Directly in charge" means that such employe would be within such convenient reach as to reasonably superintend the operation of the steam boiler. Therefore an absence of 45 minutes is beyond the reasonable limit contemplated by the statute.

However, attention is called to the case of the State ex Board of Pharmacy v Philip Baron, a case decided by this court, in which Baron was charged with the violation of §12705, GC, which is the section relating to the conduct of retail drug stores and in which it is provided that a registered pharmacist must be in "full and actual charge." In this case the Court of Appeals of this county reversed a conviction where a person not a pharmacist, employed at a drug store, made sale of a bottle of tincture of iodine during the absence of the registered pharmacist. This cause was properly decided, but is different in character from the case at bar for the reason that a drug store is where many ordinary and useful commodities are kept for sale and sold, and one in charge of such store would not violate the statute so long as such person did not attempt to compound or fill a prescription, etc., the prescription department being only one branch of the store. Such ordinary clerk might sell a patent or proprietary medicine or domestic drug without violating the statute.

The general intendment of the two sections above mentioned, §§1047 and 12705 GC, are largely the same, but there is a wide difference between a steam boiler and a drug store. An ordinary employe might and could conduct, as above stated, all the business of the store except the compounding of prescriptions or the sale of certain specific drugs. In the above case no prescription was compounded, merely a bottle of iodine sold by the clerk and which preparation is used as a remedy, but not defined as a poison in either Webster's International or the Standard Dictionary. Therefore a difference between the two cases becomes readily apparent.

In the instant case a fair presumption arises that there was an attempt to operate, as disclosed by previous arrests, a steam boiler without the assistance of a licensed engineer, perhaps in the interest of economy.

There is no prejudicial error in the exclusion of testimony, the issue being whether the statute was violated.

However, there is sufficient testimony to sustain the conviction, and this court could not reverse the judgment except that it be clearly and manifestly against the weight of the evidence by the degree required by law.

It therefore follows that the judgment must be affirmed, and it is so ordered.

LIEGHLEY, J, concurs in judgment.
LEVINE, PJ, dissents.